In The


 

Court of Appeals



Ninth District of Texas at Beaumont



____________________


 

NO. 09-04-202 CR


____________________



MARVIN NEAL KELLY III, Appellant



V.



THE STATE OF TEXAS, Appellee






On Appeal from the County Court at Law No. 4


Montgomery County, Texas


Trial Court Cause No. 03-182120-04






MEMORANDUM OPINION


 A jury convicted appellant, Marvin Neal Kelly III, of the misdemeanor offense of
resisting arrest. Tex. Pen Code Ann. § 38.03 (Vernon 2003). The trial court assessed
punishment at a $1000 fine. Kelly filed this appeal.

 In his sole issue, Kelly contends the evidence is legally insufficient to support the
verdict. In reviewing an issue of legal sufficiency, an appellate court views the evidence
in the light most favorable to the verdict to determine whether a rational fact finder could
have found each element of the offense beyond a reasonable doubt. Swearingen v. State,
101 S.W.3d 89, 95 (Tex. Crim. App. 2003); Conner v. State, 67 S.W.3d 192, 197 (Tex.
Crim. App. 2001) (citing Jackson v. Virginia, 443 U.S. 307, 319, 99 S.Ct. 2781, 61
L.Ed.2d 560 (1979)). Section 38.03(a) of the Texas Penal Code provides as follows:


 A person commits an offense if he intentionally prevents or obstructs
a person he knows is a peace officer . . . from effecting an arrest,
search, or transportation of the actor or another by using force against
the peace officer or another.



Tex. Pen. Code Ann. § 38.03(a) (Vernon 2003). Section 9.31(c) of the Texas Penal
Code provides:

 (c) The use of force to resist an arrest or search is justified:

 (1) if, before the actor offers any resistance, the peace officer (or
person acting at his direction) uses or attempts to use greater
force than necessary to make the arrest or search; and


 (2) when and to the degree the actor reasonably believes the force
is immediately necessary to protect himself against the peace
officer's (or other person's) use or attempted use of greater
force than necessary.


Tex. Pen. Code Ann. § 9.31(c) (Vernon 2003).

 Deputy Jeremy Wooldridge and Deputy Tony Messina were dispatched to a
residence where family violence was in progress. Both deputies were dressed in uniforms
and driving marked patrol units and they arrived at the residence at about the same time. 
Two uniformed Splendora officers arrived later.

 When Deputy Wooldridge arrived at the residence, he met complainant, who told
him she had been in an argument with Kelly, and Kelly had pushed her down. According
to Deputy Messina, complainant had called 911 from the neighbor's house across the
street. Deputy Messina testified that he believed complainant was Kelly's common law
spouse. Deputy Wooldridge knocked on the door and identified himself as a deputy
sheriff. Deputy Wooldridge testified that his primary purpose in approaching the residence
was to place Kelly under arrest for "[a]ssault family violence." 

 Deputy Wooldridge told Kelly they needed to conduct an investigation and he
needed to come out of the house. Deputy Messina testified that he told Kelly they were
there to investigate a family violence call, and they needed him to come outside to talk
with them. Kelly responded by yelling, cursing, and taunting the officers. Both Deputy
Wooldridge and Deputy Messina testified that Kelly said he would not come out because
he would be arrested and jailed for assault. Deputy Wooldridge testified that they could
not leave without arresting Kelly because complainant and her small child had no place to
go and no transportation. Complainant's car was at the residence, and all of the car's
windows, headlights, and taillights had been smashed.

 Deputy Messina testified that Kelly was intoxicated, loud, and belligerent. Kelly
moved through different rooms of the house, and he opened windows and talked to the
officers. Deputy Wooldridge made visual contact with Kelly through an open window, and
he continued explaining to Kelly that he was required to investigate. When Kelly reached
his arm outside the window, Deputy Wooldridge and the other officers attempted to
restrain and arrest Kelly by grabbing his arm. Kelly struck Deputy Wooldridge on the
head with a closed fist, and one of the Splendora officers then sprayed Kelly with pepper
spray. Deputy Wooldridge testified that the room was dark, so the officers could not see
inside. Kelly kept reaching down with one arm inside the room, and the officers did not
know whether he had any weapons.

 Kelly was able to pull away from the officers, and he slammed the window on the
hand of one of the Splendora officers. Deputy Wooldridge attempted to enter the house
through an unlocked window, but Kelly slammed the window shut. Deputy Wooldridge
then kicked the door down, and all four officers entered the residence. After a short
struggle, Deputy Wooldridge handcuffed and arrested Kelly with Deputy Messina's
assistance. According to Deputy Wooldridge, Kelly refused to obey verbal commands
during the struggle. 

 Viewing the record in the light most favorable to the verdict, a rational jury could
have concluded beyond a reasonable doubt that Kelly used force to intentionally prevent
or obstruct persons he knew were peace officers from effecting an arrest. Tex. Pen. Code
Ann. § 38.03(a) (Vernon 2003). A rational jury could also have concluded beyond a
reasonable doubt that the officers did not use greater force than necessary, and Kelly was
not justified in resisting arrest. Tex. Pen. Code Ann. § 9.31(c) (Vernon 2003). The
evidence is legally sufficient to support the verdict. Kelly's sole issue is overruled, and
the judgment of the trial court is affirmed.

 AFFIRMED.

 
 DAVID GAULTNEY

 Justice 


Submitted on April 4, 2005

Opinion Delivered April 13, 2005

Do Not Publish

 

Before McKeithen, C.J., Gaultney and Horton, JJ.